JOHN H. TRACY, Appellant, *v.* GRAVIOS RAILROAD ET
AL., Respondents.

### February 27, 1883.

TRUSTEES — COMPENSATION. — A trustee can receive pay out of the trust-fund
for such services and expenditures only as are within the line of duties
imposed upon him by the instrument creating the trust.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

GLOVER & SHEPLEY and FRANK K. RYAN, for the appellant: The appellant was entitled to compensation as trustee, and allowance for expenses and liabilities, as a matter of law. — *Goode* v. *Comfort*, 39 Mo. 313; *Carter* v. *Ashire*, 48 Mo. 300; *Chesley* v. *Chesley*, 49 Mo. 540; *Gale* v. *Mensing*, 20 Mo. 461. The appellant was entitled to compensation by the express stipulation of the trust-deed. — 2 Perry on Trusts (2d ed.), sect. 906. The "act regulating fees on auction sales under securities for debt" is no bar to the plaintiff's action. — Sess. Acts 1874, p. 62; Meyers' Supp. to Wag. Stats., 177, 178, sects. 59, 60; 1 Rev. Stats. 1879, sect. 3318.

MADILL & RALSTON, for the respondents: A trustee is not entitled to compensation for anything done which was not within the scope of his duty under the deed of trust. — *Stearly's Appeal*, 38 Pa. St. 525; 2 Perry on Trusts, sects. 749, 761, 910; *Sturges* v. *Knapp*, 31 Vt. 1–54; *Catlin* v. *Glover*, 4 Texas, 151.

LEWIS, P. J., delivered the opinion of the court.

The case shown in the petition and proofs is as follows: On June 5, 1873, the Gravois Railroad Company conveyed to the plaintiff and E. D. Jones all its property, stock, road-bed, right of way, privileges, and franchises, in trust, to secure the payment of bonds issued by the corporation, to

the amount of $175,000. The form of the deed differed in no material particular from the one in common use for similar purposes. In the month of July, 1878, the trustees were required, by an order of the circuit court, under Revised Statutes, section 3931, to give a bond, with sureties, in the sum of $185,000, for the faithful performance of their trust. The trustee Jones failed to comply with this order, and retired from the trust, but the plaintiff filed a bond, as required, which was duly approved. On February 5, 1880, the defendant John D. Perry, as assignee and holder of the bonds secured, before their maturity, entered on the margin of the record of said deed a satisfaction thereof, and a release of all the property therein conveyed. On the same day, there was filed for record in the proper office a deed of trust executed by the Union Depot Company, conveying the same property, which was then in its possession, to William J. Lewis, as trustee, to secure an indebtedness of $175,000, in favor of said John D. Perry. The plaintiff has performed many services, hereinafter enumerated, as trustee, in and about the care, protection, and management of the property conveyed to him, and incidental to his duties as such trustee, which services were reasonably worth the sum of $8,000. He has also advanced and expended in the same behalf the sum of $1,000, which the Gravois Railroad Company, on June 10, 1876, promised to repay to him. The said corporation is insolvent, and the plaintiff has not been paid the said sums, or any part thereof. He claims a lien on the trust property for the payment of said sums, and prays judgment accordingly. The circuit court, upon a hearing of the testimony, dismissed the plaintiff's bill.

It would appear that the court proceeded upon a theory that, inasmuch as there was no sale of the property under the trust, nothing was done by the trustee for which he is entitled to compensation. It is maintained, in support of this theory, that a trustee can never demand to be paid out

of the trust-fund for mere accommodations or voluntary benefactions, however beneficial to the estate, or to the parties interested; but only for such services or expenditures as are within the line of duties clearly imposed upon him by the instrument creating the trust. Such seems to be the understanding running through all the authoritative decisions. Many cases are here cited for the plaintiff, in which trustees were allowed compensation for every possible description of service, or cause of expenditure. But in every instance, the service or expenditure was either expressly directed by the founder of the trust, or was necessary to the performance of some duty so enjoined. A special power conferred upon a trustee, gives him no right to exercise other powers, not so conferred, simply because, in his judgment, an exercise of such powers would be highly desirable for everybody concerned. No case is shown, and we believe that none can be found, wherein this rule is departed from. As to powers not conferred upon the trustee, either expressly or by implication, in the appointing instrument, he is, to all intents, a stranger to the estate. In elementary writings and the decisions quoted from, the expressions used are invariably equivalents of such as these: That "trustees cannot claim compensation on account of any unnecessary or self-imposed duties, or of any expenses other than such as are reasonably and properly incurred in the execution of their trusts." Perry on Trusts, sect. 910, and cases cited. Much must depend, of course, on the nature of the trust. In some, there is implied a duty of preservation, management, and amelioration of the fund. In these, there is a much wider field for compensable acts of the trustee than where a single duty is to be performed; as, a sale of the property. In the case of personalty, a trustee having a mere power of sale may be justifiable in preventing a ren. val of the property beyond the existing jurisdiction; since there can be no complete sale of chattels without delivery, and such

prevention may therefore be essential to the performance of the sale. But if the property be realty, such a trustee has nothing to do with perfecting the title, or otherwise bettering the property, unless by express authority of the beneficiaries. Even when acting under that authority, and independently of the deed, it seems that the trustee must look for compensation to the beneficiaries, and cannot claim a lien therefor upon the trust-fund.

The true test, then, for the plaintiff's right of recovery in this case is, whether the services and expenses for which he demands compensation and reimbursement were either directed by the terms of the deed of trust, or were necessary to a performance of the duties imposed upon him by that instrument. If they were neither, the judgment of the circuit court must be affirmed. The whole substance of the trust is framed in the following terms: "But if said bonds, or any one of them, shall become due and remain unpaid for ninety days after maturity, or if any interest due on any one of said bonds shall become due and remain unpaid for ninety days (in which event all of said bonds shall immediately become due, though not due on their face), then, in either of said events, the said trustees, or either of them, or the survivor of them, or, in the event of the death, absence from the state, or refusal or inability to act, of both of said trustees, then the sheriff for the time being of the said county of St. Louis, shall proceed to sell the property hereinbefore described, at the east front door of the court-house of St. Louis County, for cash, to the highest and best bidder, first giving sixty days' public notice of the time, terms, and place of said sale in two newspapers printed and published in the city of St. Louis, and such other papers in other cities as such trustees may deem proper, and shall make, execute, and deliver to the purchaser or purchasers a deed for the property sold, and receive the proceeds of such sale, out of which they shall pay, first, the costs and expenses of this

trust, including compensation to the trustees for their services, and, next, all amounts, principal or interest, due on said bonds; and the remainder, if any, shall be paid to the said party of the first part or its legal representatives.''

There is here, in effect, nothing more than a mortgage of the property. The grantor continued to be the owner, and entitled to possession, with all its incident privileges and responsibilities, until default. *Masterson* v. *Railroad Co.*, 72 Mo. 342; *Gritchell* v. *Kreidler*, 12 Mo. App. 497. The naked power to sell and to disburse proceeds was all that ever vested in the trustee; and even this power never came into practical being, if there was no default. Did the trustees' services and expenditures, or any of them, ever constitute an element in, or a necessary aid to, the exercise of this power? A simple statement of the items should suffice for an answer in the negative.

The plaintiff claims compensation for time, labor, and responsibility involved in his execution of a bond, with security, under the order of the court. This act was not a service rendered by the trustee, but a qualification precedent to his occupancy of the trust. When the order of court was made he ceased to be a trustee, until there was an approved compliance with the order. In this interim his acts of executing the bond and procuring sureties signified only the willingness of a free citizen to accept the conditions upon which alone the law would permit him thereafter to be a trustee. These, in other words, were not the acts of a trustee, but of one who intended to assume that character, upon the terms prescribed. The rule is universal, that official or fiduciary emoluments must have their beginning after the qualification of the incumbent.

A general charge is made for '' care and supervision of the property.'' Such care and supervision, in general terms, pertain exclusively to rightful possession and user.

These, it is already shown, remained with the grantor, and the trustee had no concern with them.

" Examining and certifying to the correctness of each of said two hundred and seventy-five bonds described in said deed." No line or word in the trust-deed required any such service of the trustee. It had not the remotest connection with a sale of the property and disbursement of proceeds, in the event of a default in the payment.

"Affording information to purchasers of said bonds, and others, in respect to said trust property." It may well have been too repugnant to the plaintiff's habits of courtesy for him to refuse such information. But nothing in the trust with which he was charged implied any duty to impart it, unless, possibly, in connection with an actual sale. He had nothing to do with promoting the salability of the bonds.

As to the other matters of " protecting said trust property from claims and suits of different parties * * * and from such loss as was liable to result from the insolvency of said Gravois Railroad Company," it may be said, in general terms, that they were foreign to any duty imposed upon the trustee by the terms of the deed. This, we think, is sufficiently shown by what has already been said.

Stress is laid by plaintiff's counsel on the expression in the deed, " including compensation to the trustees for their services." This stipulation is distinctly coupled with a sale of the property and a receipt of proceeds. It certainly furnishes no authority for compensation without a sale, which it is made to follow in the order of time. The provision has no effect to enlarge, or add to, the subjects of compensation. These it leaves where they would be without it; while it has no literal application for any purpose, unless there have been a sale and receipt of proceeds.

There is some conflict in the testimony touching a default of payment. There is none, however, as to the facts that

the trustee made no sale, and took no steps in that direction. Whatever may be true, upon the controverted point, the plaintiff cannot claim, upon a default without a sale, any right which attaches only to a sale supplementing a default. This view applies as well to the provision in the deed, as to the terms of the statute. "As a compensation for his services, any person selling property at auction under any writing, instrument, or deed made or executed for securing the payment of any debt, shall receive a commission on the amount of sales, not exceeding two per centum on the first one thousand dollars, and one per centum on all sums over that amount and under five thousand dollars, and one-half of one per centum on all sums over that amount." Rev. Stats., sect. 3318. It is not necessary here to interpret this provision as excluding any compensation for services other than a sale, where such services are clearly demanded by the deed. It is sufficient for the present case, that the deed requires no services of the trustee, except such as he never performed. The judgment is affirmed. All the judges concur.