WALTER P. FULKERSON, TRUSTEE, RESPONDENT, v. THE NEW GAZETTE COMPANY ET AL., APPELLANTS.[*]

Kansas City Court of Appeals. June 27, 1927.

*Corpus Juris-Cyc. References: Chattel Mortgages, 11CJ, section 575, p. 737, n. 80; Mortgages, 41CJ, section 1378, p. 944, n. 83; Trusts, 39Cyc, p. 484, n. 42.

*Mytton & Parkinson* for respondent.

*G. L. Zwick* for New Gazette.

*Culver, Phillip & Voorhees* for First Trust Company.

ARNOLD, J.—This is an appeal from a finding and judgment of the circuit court allowing the trustee remuneration in the sum of $500 in a foreclosure proceeding of a chattel mortgage, and an attorney's fee of $1000 for services in connection therewith; and that such judgment in favor of plaintiff be a special lien against the property and assets of defendants.

Defendant, The New Gazette Company, is a corporation engaged in the publication of a daily newspaper in the city of St. Joseph, Mo., and defendant, The First Trust Company, as its name implies, is a trust company, in said city.

The facts disclosed are that on August 24, 1905, The New Gazette Company executed a deed of trust covering its newspaper plant, franchises and property to one Walter P. Fulkerson, trustee, to secure the payment of sixty-three bonds, of which thirty-seven were of the par value of $1000 each and twenty-six of the par value of $500 each, and numbered consecutively from one to sixty-three, and payable on or before August 1, 1925, to the bearer, or to the registered holder thereof, if registered, with interest from August 1, 1905, at six per cent. payable semi-annually on the first days of February and August each year, and evidenced by interest coupons.

In August, 1923, The New Gazette Company executed a second mortgage and deed of trust upon the same property to secure the payment of $7500 of second mortgage twenty-year bonds, naming defendant The First Trust Company, as trustee therein. The first mortgage

bonds matured August 1, 1925, and remained unpaid; together with the interest coupon due on that date, until after the filing of the suit herein on February 16, 1926. It appears that default was made under the terms of the second mortgage and deed of trust, and in February, 1926, The First Trust Company, trustee, advertised the property to be sold on February 23, 1926, to satisfy the second mortgage.

On February 15, 1926, eight days before the day set for the sale just mentioned, plaintiff herein, as trustee under the first deed of trust, brought this suit to foreclose the first mortgage and for the appointment of a receiver to take charge of the mortgaged property, making the mortgagor and trustee in the second mortgage parties defendant therein. On the hearing of the application for the appointment of a receiver and upon the final hearing of the petition to foreclose, the trial court found that neither at the time the suit was instituted nor thereafter was the plaintiff entitled to have a receiver appointed; that at the time the suit was brought no default on the part of The New Gazette Company had occurred and continued for the length of time provided in the mortgage which would entitle plaintiff to institute or prosecute this suit, and that plaintiff was not entitled to foreclose the mortgage. The court ruled that the application for a receiver and the petition for foreclosure be denied and plaintiff's petition dismissed.

The court further found, in connection with the institution and prosecution of this suit, that plaintiff as trustee rendered services of the value of $500, and that he had employed attorneys to institute and prosecute the suit and that the reasonable value of such services was $1000; and thereupon the court adjudged that plaintiff recover from defendants the sum of $1500, together with the costs of this suit; that such judgment be a special lien upon the property of The New Gazette Company, described in the mortgage, and if the judgment be not satisfied out of the property and assets of defendants, then the special lien upon the property described in the mortgage to be foreclosed by sale thereof to be made by the sheriff in the manner and upon the terms and notice provided for the sale of personal property under general execution.

A motion by defendants to set aside said judgment was overruled and defendants have appealed.

In their assignments of error, defendants urge the court erred in refusing defendants' declarations of law numbered 2, 3, 4 and 5, and in awarding plaintiff any compensation for services and for his attorneys in connection with this suit. Said declarations of law are as follows:

"2. The court declares the law to be that the plaintiff is not entitled to recover the value of any attorney's fees for services rendered by any attorney in instituting or prosecuting this suit to foreclose the

mortgage described in the petition in which the plaintiff is named as trustee.

"3. The court declares the law to be that the plaintiff is not entitled to recover the value of any attorney's fees for services rendered by any attorney in preparing or presenting the application for receiver in this cause.

"4. The court declares the law to be that the plaintiff is not entitled to recover the value of any of his services rendered in the application for a receiver or prosecuting said application.

"5. The court declares the law to be that plaintiff is not entitled to recover the value of any services rendered by him in bringing this suit to foreclose the deed of trust mentioned in the petition in which the plaintiff is named as trustee, or for prosecuting the same."

Defendants insist that the only powers conferred and the only duties which plaintiff, as trustee, was authorized to perform in the administration of the trust, and the condition upon which the trustee was authorized to perform such duties and exercise such powers were: (1) He was required to certify the bonds secured by the mortgage. (2) In the event of default in the payment of interest when demanded, or in the performance of any covenant to be performed by the mortgagor, and such default continued for three months after notice given in writing, the trustee could declare the principal of the bonds to be due. (3) If any such default continued for three months after notice had been given, the trustee could take possession of the property and operate it. (4) If any such default in the payment of the principal continued for three months after such notice had been given, the trustee, with or without taking possession, could either foreclose the mortgage by advertising and selling the property or institute suit to foreclose. (5) Whenever the trustee was entitled to foreclose, he was entitled as a matter of right to demand the appointment of a receiver.

An examination of the deed of trust discloses that this position is correct, as shown by Articles II, IV, V, VI and VII, of the instrument. And in respect to the compensation of the trustee, Article X provides:

"The trustee shall have authority to pay such reasonable compensation as he shall deem proper to the counsel, attorney, agents, servants and employees, whom he may reasonably employ in the administration or management of this trust, and the trustee and his successor, or successors, shall have and be entitled to just compensation for all services which he, or they, may render in connection with the administration or management of the trust hereby created to be paid by the company or defrayed out of the trust estate, and, until so paid, to be a prior charge upon the premises hereby mortgaged. The trustee shall not be under any obligation to take any action towards the execution of this trust which, in his opinion, will be likely to involve him in personal expense or liability unless one or more of the said bondholders shall, as often as required by the trustee, give him reasonable

indemnity against the same, anything herein to the contrary notwithstanding."

It is admitted that no notice of default had ever been given by the trustee to the mortgagor, and the trial court decreed that The New Gazette Company had not been guilty of any default which had continued for the specified three months, to entitle the trustee to maintain an action and that he had no right to maintain the same.

It is defendant's position that the action of the trustee in instituting this suit and in the employment of attorneys to prosecute the same was not in the administration or management of the trust as contemplated by Article X above quoted. It is plaintiff's position that this suit was instituted under Article VII, which provides:

"The provisions in Article VI are cumulative to the ordinary remedy by foreclosure in the courts now or hereafter in force, and the trustee herein may at his discretion and shall upon the written request of five per cent in value of the outstanding and unpaid bonds, which may have been issued hereunder, and upon being properly indemnified if required by the trustee, and whenever entitled to do so by the terms hereof, institute proceedings to foreclose this mortgage or deed of trust whenever said five per cent of said bondholders may direct, and in the absence of any such direction then as the trustee may deem expedient, and in that event the trustee shall be entitled as a matter of right to demand the appointment of a receiver of all the property and assets of the company.

"Provided always that it is hereby expressly declared and agreed that no holder or holders of a bond or of any bonds secured hereby, or of any of said coupons which may be due and unpaid, shall have the right to institute any suit, action or proceeding in equity or in law for the foreclosure of this mortgage or deed of trust, or for the execution of the trusts thereof, or for the appointment of a receiver or any other remedy without first giving twenty days' notice in writing to the trustee herein of the default having occurred and continued as aforesaid, and unless five per cent in amount of the holders of the bonds then outstanding have made request in writing to the trustee as above provided, and have accorded him a reasonable opportunity to proceed to exercise the powers hereinbefore granted, or to institute such action, suit or proceeding in his own name."

And plaintiff insists that under these provisions this suit could be maintained at any time after three months from August 1, 1925, without demand for payment or notice of any kind by the trustee, and that he was entitled to the appointment of a receiver as a matter of right by the terms of the agreement; that he could bring the suit at his discretion; and upon the written request of five per cent in value of the outstanding bonds, it was his duty to bring the suit; that in this case a demand had been made upon him by more than ten per

cent in value of the outstanding and unpaid bonds for the bringing of the suit.

It was the view of the trial court that there was no default under the terms of the first deed of trust and that the trustee thereunder was not entitled to the appointment of a receiver, and the court so ruled. The trial court having so ruled, it is defendant's contention that the court erred in allowing remuneration for the trustee and his attorneys in prosecuting the unwarranted suit. As we view the record, this is the main question for our determination.

Defendant urges that a trustee is entitled to compensation only for such services and expenditures as are within the line of the duties imposed upon him by the instrument creating the trust, and that he may not have compensation for services self-imposed and resulting from his own wrong. This is a statement of the general rule as laid down in 39 Cyc. 484; and this appears to be the rule in this State. [Tracy v. Railroad, 13 Mo. App. 295; same case, 84 Mo. 210.]

It is also urged that there can be no valid execution of a power of sale in a mortgage or deed of trust before the time prescribed by the instrument itself. This is also a statement of the general rule in this respect and we understand plaintiff does not undertake to refute it. However plaintiff contends that by the specific terms of the first deed of trust he is entitled to his remuneration and to attorney fees in the institution and prosecution of the suit which is the basis of this action.

Articles III, IV and V of the first deed of trust provide for specified action in case of default in the payment of interest. Article VI provides that if default be made in the payment of the principal, or under other specified conditions whereby the security of the mortgage becomes impaired, or if the company refuse and fail to keep the covenants and stipulations of the deed of trust or bonds for a period of three months after demand made by the trustee, it shall then, but not sooner, be lawful for the trustee, upon request in writing of a majority in interest of the holders of the bonds, to sell or dispose of the newspaper, property, franchises, etc., at public auction, and to apply the proceeds in the manner specified.

Article VII is to the effect that "the provisions of Article VI are cumulative to the ordinary remedy by foreclosure in the courts now or hereafter in force, and the trustee *may* at his discretion and *shall* upon the written request of five per cent in value of the outstanding and unpaid bonds which may have been issued hereunder and upon being properly identified, if required by the trustee and whenever entitled to do so by the terms hereof, institute proceedings to foreclose this mortgage . . . whenever said five per cent of said bondholders may direct, and in the absence of any such direction then as the trustee may deem expedient, and in that event the trustee shall be entitled as a matter of right to demand the appointment of a receiver," etc.

The said section further provides that no holder or holders of any of the due and unpaid bonds or coupons shall have the right to institute any suit in law or equity to foreclose or for any other remedy without first giving notice in writing to the trustee of default having occurred and continued for the specified time, unless five per cent of the holders of the bonds then outstanding shall have made request in writing to the trustee, and have accorded him a reasonable opportunity to proceed to exercise the powers hereinbefore granted, or to institute such action, suit or proceeding in his own name.

The testimony shows that written demand had been made upon the trustee by more than the required five per cent in value of the outstanding and unpaid bonds for the institution of this suit; and plaintiff insists that this suit was maintainable at any time after three months from August 1, 1925, the due date, without any demand for payment or notice by the trustee of any kind, and the trustee was entitled to the appointment of a receiver as a matter of right under the terms of the agreement. But the trial court held that the mortgage was not in default and that plaintiff was not entitled to have a receiver appointed and not entitled to have the mortgage foreclosed. Therefore, the question as to whether, under the provisions of the mortgage, there was in fact a default at the time suit was instituted is not before this court, as plaintiff did not appeal, and the action of the court so adjudging became *res adjudicata*. The only question before us is: assuming that plaintiff had no right to institute this suit for receiver and foreclosure, is he entitled to be recompensed for the services of himself and his attorney in bringing and prosecuting the suit?

In the case of Tracy v. Railroad, 13 Mo. App. 295, 297, affirmed in Tracy v. Railroad, 84 Mo. 210, it was held that a trustee is not entitled to compensation ''for mere accommodations or voluntary benefactions, however beneficial to the estate, or to the parties interested; but only for such services or expenditures as are within the line of duties clearly imposed upon him by the instrument creating the trust;'' that such services or expenditures must either be ''expressly directed by the founder of the trust or be necessary to the performance of some duty enjoined;'' that ''as to powers not conferred upon the trustee, either expressly or by implication, in the appointing instrument, he is, to all intents, a stranger to the estate;'' that ''the true test . . . whether the services and expenses for which he (the trustee) demands compensation and reimbursement were either directed by the terms of the deed of trust, or were necessary to a performance of the duties imposed upon him by that instrument.''

A trustee cannot receive pay for his services and expenses if not within the line of the duties imposed upon him by the instrument creating the trust and he is not entitled to the expenses of litigation

brought on by him not within the express or implied provisions of the deed of trust. [2 Perry on Trusts (6 Ed.), sec. 910.] If the trustee had no right to institute this suit, the fact that he did so in good faith would not entitle him to recover recompense for the services of himself and his attorney. See 26 R. C. L., p. 1372, where it is stated: "And it is equally well settled that the actual and bona-fide exercise of those faculties affords no protection whatever to the trustee who had in fact gone beyond the limit of his powers, and assumed a discretion or an option not fairly conferred upon him by the terms of the instrument in their legal sense and import."

If the mortgage in the case at bar was not in default, then there was no occasion for the bringing of this suit. The fact that proceedings had been brought to foreclose a second mortgage does not ordinarily jeopardize the interests of the bondholders under the first mortgage and there is no evidence tending to disclose how they could have been injuriously affected in this instance by the foreclosure of the second mortgage. The court held that the plaintiff had no right to maintain this suit for the appointment of a receiver and the foreclosure of the mortgage because there had been no default by the mortgagor. Plaintiff was, therefore, under the authorities cited, supra, not entitled to recover the expense of the litigation unless there is some provision of the mortgage giving him this right. There is no such provision of the mortgage unless it be in Article 10. An examination of this article of the mortgage shows that it provides for such compensation only where the trustee had taken some action in the administration or management of the trust and under the provisions of the mortgage. This is emphasized by a clause of article 10 which was intended as a protection to the trustee if he were in doubt as to his right to proceed in a given instance. This clause reads as follows:

"The trustee shall not be under any obligation to take any action towards the execution of this trust, which in his opinion will be likely to involve him in personal expense or liability unless one or more of the said bondholders shall as often as required by the trustee, give him reasonable indemnity against the same, anything herein to the contrary notwithstanding. The trustee may resign and discharge himself of the trust hereby created by notice in writing to the company given at least three months before such resignation shall take effect, or such shorter time as the company shall accept as adequate."

For the reasons above stated, we hold the ruling of the trial court was error, and the judgment should be reversed. It is so ordered. *Bland, J.,* concurs; *Trimble, P. J.,* absent.